## NEW YORK WAREHOUSE AND SECURITY COMPANY *vs.* F. B. LOOMIS.

Suffolk.　April 4, — 6, 1877.　AMES & ENDICOTT, JJ., absent.

Under the U. S. St. of March 3, 1875, § 3, providing that a petition for the removal of a cause from a state court into a Circuit Court of the United States must be filed " before or at the term at which said cause could be first tried, and before the trial," such a petition filed before trial, at a term of this court subsequent to that at which the case was entered and at issue, is too late, although the case has been first put upon the trial list at the term at which the petition is filed.

CONTRACT on a promissory note for $105,333.33. Writ dated December 14, 1874, and entered at April term 1875, of this court.

The plaintiff was and still is a corporation established and doing business in the State of New York, and the defendant a resident and citizen of Connecticut and doing business in that State. The defendant filed his answer at April term 1875, to wit, on May 6, 1875. The case was first placed on the trial list at September term 1876. During that term, to wit, on March 5, 1877, and before trial, the defendant filed by consent an amended answer, and on the same day filed a petition for the removal of the case into the Circuit Court of the United States for this district, together with a bond with sufficient surety in the form required by the act of Congress of March 3, 1875. The plaintiff objected to the petition and bond, because they were not made and filed, as required by § 3 of that act, " before or at the term at which said cause could be first tried." It appeared from inspection of the records of this court, that several cases entered after this case at April term 1875, and one entered at September term 1875, were tried at April term 1876.

Upon these facts, *Lord,* J., reserved for the consideration of the full court the question whether the petition and bond were

seasonably filed, so as to entitle the defendant to have the case removed into the Circuit Court of the United States.

*A. A. Ranney*, for the defendant.

*D. Thaxter & F. W. Palfrey*, for the plaintiff, were not called upon.

GRAY, C. J. A petition for the removal of a cause from a state court into a Circuit Court of the United States must, by the terms of the act of Congress of March 3, 1875, § 3, be filed " before or at the term at which said cause could be first tried, and before the trial." The manifest purpose and effect of this enactment are that a party, who intends to remove a case from a state court into a federal court for trial, shall do so, not only before trial in the state court, but at the first term at which a case is at issue for trial and might be ordered to be tried there.

By our practice act, an action at law is deemed at issue as soon as an answer is filed, and no further pleading is required, except by order of the court. Gen. Sts. c. 129, §§ 23, 28. Cases may be, and often are, tried at the first term at which they are entered. And the rule of this court, which requires that at each term for the trial of cases by a jury, a trial list shall be prepared on the first day of the sitting of the court, allows any case to be placed upon the list afterwards by order of the court. Rule 22, 104 Mass. 563. The present case was therefore at issue, and could by the law and practice of this Commonwealth have been tried, at April term 1875, at September term 1875, or at April term 1876; and this petition for removal, filed at September term 1876, comes too late.

Our interpretation of the act of Congress is supported by the opinions of three federal judges of much experience: Mr. Justice Davis of the Supreme Court, and Judges Drummond and Dillon of the Circuit Courts for the seventh and eighth circuits. Dillon on Removal of Causes, 58, note. *Scott* v. *Clinton & Springfield Railroad*, 6 Bissell, 529, 536. *Ames* v. *Colorado Central Railroad*, 4 Centr. L. J. 199.

*Petition for removal denied.*