## Case No. 325.

### AMES v. COLORADO CENT. R. CO.

[4 Dill. 260;[1] 4 Cent. Law J. 199.]

Circuit Court, D. Colorado. 1877.

REMOVAL OF CAUSES—ACT OF MARCH 3, 1875—TIME.

1. The act of March 3, 1875, [18 Stat. 470, § 2,] which provides that any suit "now pending or hereafter brought in any state court" of the description therein specified, may be removed into a federal court, is not applicable to a suit brought in a territorial court, although, on the admission of the territory as a state, such suit passed into the jurisdiction of a state court.

[Cited in Dunton v. Muth, 45 Fed. 390.]

2. Under that act, application to remove a cause must be made to the state court at or before the term in which, according to the local law and practice of the court, the cause could have been finally heard. Accordingly, where issue was joined nearly one month before the end of a term of the state court, and it does not appear but that a final hearing could have been had at that term, an application thereafter made to remove the cause under the act of 1875 will be denied. See, on this point, Scott v. Clinton & S. R. Co., [Case No. 12,527.]

[Cited in McLean v. St. Paul & C. Ry. Co., Case No. 8,893; Chester v. Wellford, Id. 2,662; Forrest v. Edwin Forrest Home, 1 Fed. 463; Wheeler v. Liverpool, London & Globe Ins. Co., 8 Fed. 198; Meyer v. Norton, 9 Fed. 435; Johnson v. Johnson, 13 Fed. 193; Cramer v. Mack, 12 Fed. 804.]

In equity. Bill to foreclose a mortgage. A very full history of this case is given in connection with the opinion of the circuit judge on the motion to docket under the act of June 26, 1876, which was announced at this term. 4 Dill. 251, [Ames v. Colorado Cent. R. Co., Case No. 324.] For convenience, it may be well to state the following again: The bill was filed in the district court of Boulder county, June 21, 1876; issue was joined July 24, 1876; the territory of Colorado became a state by proclamation of the president, August 1, 1876, and the last order made at the July term of the Boulder court was entered August 21, 1876. After the motion to docket the case in this court was denied [Id.,] and on the 7th of December, 1876, plaintiffs filed in the state court a petition alleging that they are citizens of Massachusetts, and defendant is a corporation created by a law of the territory of Colorado, and other facts, substantially as required by the act of 1875 concerning the removal

[1][Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

of causes from state to federal courts. A bond was also filed, with conditions as required by that act, the sufficiency of which was not questioned in this court. Afterwards (December 9, 1876), plaintiffs filed in this court a transcript of the files, record, and proceedings in the Boulder court, and sought to have the cause removed. Thereupon, December 11, defendant moved to dismiss, which is here treated as a motion to remand.

E. L. Smith, for the motion.

A. J. Poppleton and J. I. Redick, contra.

Before DILLON, Circuit Judge, and HALLET, District Judge.

HALLET, District Judge. This suit was brought in the district court of Boulder county, under the late territorial government, and the question here presented is, whether it may be removed into this court under the act of congress of March 3, 1875. In terms, that act extends to cases then pending or thereafter to be brought in any state court. This suit was not then pending in any court, nor was it afterwards brought in a state court, although it came into such a court by operation of law on the admission of the state, sometime after it was begun.

It was ingeniously urged in the argument at the bar that, by assenting to the jurisdiction of the state court, plaintiffs did in fact bring the suit in that court; but this will not bear examination. The bringing of a suit is understood to mean the institution or commencement of it, and so the language is in Revised Statutes, section 639, on the same subject. This occurred in this instance in a territorial, not a state court. Pending the suit the character of the court was changed into a state court, and there being nothing in the record to show its federal character, the court retained jurisdiction of it. 4 Dill. 251, [Ames v. Colorado Cent. R. Co., Case No. 324.][2]

Plaintiffs did not in any sense bring the suit in or into the state court. They found it there, where the law had left it in the transition from a territorial to a state government, and they consented to go on with it in that jurisdiction. In that way they consented [elected][3] to remain in the state court; but they did not, in any reasonable construction of the act of 1875, bring the suit in that court. This view is enforced by the circumstance that congress has provided a special way of transferring causes on the admission of a state by general law (Rev. St. §§ 567, 569, 704), and also in this instance by the act establishing this court, June 26, 1876. This legislation, relating to a particular class of cases and designed to carry out the general purpose of the removal acts, seems to proceed on the theory that the

latter are not applicable to cases which originate in a territorial court. If congress had consigned all federal cases to the state courts, plaintiffs would be within the reason, if not the letter, of the removal acts. But this was not done; and that which was done does not in any way tend to prove that the removal acts are by construction to be extended to cases like this—i. e., to cases not within their terms. If, however, this reasoning is unsound, there is another obstacle to the removal of the cause.

Accepting the act of 1875 as applicable to the case, by the third section it is provided that the petition for removal shall be filed in the state court "before or at the term at which said cause could be first tried, and before the trial thereof. "The term here referred to appears to be that at which the cause may be tried or heard on the merits, according to the practice of the court, without regard to the special circumstances of the case, as whether the parties are ready for trial, and the like.

Certainly we cannot, in determining a question of this kind, enter into every circumstance that may delay or facilitate the progress of a cause, as whether there are nice points to be decided, which require time for consideration, whether the court was otherwise occupied, and so on. Such an investigation would be in every way embarrassing and uncertain as to the result, and therefore it may be dismissed as impracticable. We are, then, to inquire whether, according to the practice of the court, this suit could have been finally heard at the July term of the Boulder court, without reference to any of those circumstances that have been mentioned as likely to retard its progress. It appears that issue was joined on the 24th day of July, 1876, and the court remained in session for a period of twenty-eight days thereafter.

No time was allowed, by rule of court or otherwise, for taking testimony, and we cannot assume that any specific time was necessary. It was claimed at the bar that our rule, 69, should govern, but that rule was not in force in the Boulder court. Palmer v. Cowdrey, 2 Colo. 1. So far as the record shows, the cause could have been brought on at any time within the twenty-eight days which remained of the term after issue was joined. If the writer may speak from his own knowledge of the course of practice in the territorial courts, he feels bound to declare that it was entirely regular to bring a cause to hearing at the term in which issue was joined, and this was often done, especially in foreclosure suits. It is true that important suits often went over the term; but this was owing to the press of business, or other extraneous cause, and not to any rule of practice. It seems, therefore, that the application to remove the cause was not in apt time, not being made at the term when a hearing could have been had. For these

reasons, the motion to remand will be allowed, with costs.

DILLON, Circuit Judge. I concur. I am inclined to think the first ground sound; but if, under the local law and practice, the case could have been finally heard at the July term, then I am clear that the application for removal should have been made at that term, assuming that the act of March 3, 1875, applies to the case. Motion sustained.

[NOTE. Gaffney v. Gillette. Case No. 5,168, was published as a note to the above in 4 Dill. 264.]