## Case No. 5,168.

GAFFNEY et al. v. GILLETTE et al.

[4 Dill. 264, note.] [1]

Circuit Court, D. Colorado. July Term, 1878.

Mr. Johnson, for plaintiffs.

Mr. Webster, for defendants.

Before DILLON. Circuit Judge, and HALLETT, District Judge.

DILLON, Circuit Judge. At the time of the admission of Colorado as a state, this cause was pending in the supreme court of the territory on appeal from a final decree of one of the district courts of Colorado territory. The plaintiffs were then and still are citizens of Illinois, and the defendants citizens of New York and Colorado. The supreme court of the state, in consequence of the provisions of section 8 of the act of June 26, 1876 (19 Stat. 62), refused to entertain jurisdiction of the cause, or to decide the same, unless both parties should invoke its action and submit the same to its judgment. The parties did this by a written stipulation duly filed. The supreme court of the state, after argument, reversed the decree below and remanded the cause to the proper district court of the state, with leave to complainants to amend their bill, if so advised, and with leave to one of the defendants to file a cross-bill, if so advised, and dismissing the bill as to another defendant, unless the complainants should make him a proper party by an amended bill to be filed within such time as the court should direct.

After the case was remanded an amended bill was filed, and the same was demurred to by the defendants. At the same term the defendants filed their petition to remove the cause to this court, on the ground of citizenship of the parties, and the removal was ordered. The plaintiffs now move to remand the cause to the state court.

We hold that the defendants waived their right to a removal of the cause under the above mentioned act of congress of June 26. 1876, by their voluntary and deliberate submission of the same to the supreme court of the state.

We also hold that it was too late to remove the cause under the act of March 3, 1875, even if it be conceded that said act has any application to this cause. Remanded.