WORMS (UNITED STATES v.). See Case No. 16,765.

---

## Case No. 18,048.

### WORMSER et al. v. DAHLMAN et al.

[16 Blatchf. 319; 57 How. Prac. 286; 7 Reporter, 740.] [1]

Circuit Court, S. D. New York. May 14, 1879.

REMOVAL OF CAUSE — NONRESIDENT DEFENDANT—
NOTICE OF APPLICATION.

1. W. brought suit in a state court of New York against D. and K. and R., as copartners, to recover on a promissory note. Process was served on D. alone. He alone appeared. W. and K. were, at the time the suit was commenced, citizens of New York. D. and R. were, at that time, citizens of California. D. took proceedings, under subdivision 2 of section 639 of the Revised Statutes, to remove the suit, so far as it concerned him, into this court, without notice to the attorney for W. The petition for removal was not signed or verified by D., but by D.'s attorney in the suit. W. moved to remand the cause to the state court *Held,* subdivision 2 of section 639 of the Revised Statutes was not repealed by the act of March 3, 1875 (18 Stat. 470).

2. The suit was one in which there could be a final determination of the controversy, so far as concerned D., without the presence of K. and R., as parties.

3. Any rights which W. would have had as against K. and R., from serving process on D., remain to W. in this court.

4. Notice of the application for the removal was not necessary.

5. The petition was sufficiently signed and verified.

[This was a suit by Isadore Wormser and Simon Wormser against Charles Dahlman, Arthur A. Kline, and Adolph B. Roth.]

D. M. Porter, for plaintiffs.

R. S. Newcombe, for defendant Dahlman.

BLATCHFORD, Circuit Judge. This suit was commenced in the superior court of the city of New York. Process was served on the defendant Dahlman alone. He appeared in the state court in the suit, and the complaint was put in and he answered it. No other defendant has appeared or answered either in the state court or in this court. The plaintiffs and the defendant Kline were, at the time the suit was commenced, citizens of the state of New York, and the other defendants were, at that time, citizens of state of California. The suit is one against the three defendants as copartners, to recover

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 7 Reporter, 740, contains only a partial report.]

on a copartnership liability, on two promissory notes, made by the defendants as copartners. Dahlman presented to the state court a petition, verified April 1, 1879, setting forth, "that there can be a final determination of the controversy, so far as it concerns your petitioner, without the presence of the other defendants as parties to the cause," and "that your petitioner is desirous, so far as concerns him, of removing the cause to the United States circuit court," and praying, "that, so far as it concerns him, the cause may be removed to the next circuit court of the United States for the Southern district of New York." The necessary bond was given, and was approved by a judge of the state court. It does not appear that the plaintiffs' attorney had notice, in the state court, of the proceedings for removal, or that any order of removal was made by the state court. The defendant Dahlman has filed in this court papers certified by the clerk of the state court, as a copy of the record in the suit, and of all process, pleadings and other proceedings in it, which consist of the summons, notice to the plaintiffs' attorneys of Dahlman's appearance, complaint, answer of Dahlman, petition for removal and bond on removal. On filing such papers in this court, the defendant Dahlman entered a rule in this court, continuing the cause therein, and noting his appearance therein by an attorney, and served on the plaintiffs' attorney a copy of such rule with notice of its entry. The plaintiffs now move to remand the cause to the state court.

It is plain that the proceedings for removal were taken not under the act of March 3, 1875 (18 Stat. 470), but under the second subdivision of section 639 of the Revised Statutes, which is a re-enactment of the provisions of the act of July 27, 1866 (14 Stat. 306). Under the act of 1875, nothing less than the whole suit can be removed into this court. Under the act of 1866 and subdivision 2 of section 639 of the Revised Statutes, the suit may be removed only as against the defendant who petitions to have it removed only as against him.

It is contended for the plaintiffs, that subdivision 2 of section 639 of the Revised Statutes, is repealed by the act of 1875, as being in conflict with the provisions of that act. I am not referred to any case in which it has been distinctly held, in a federal court, in a case involving the point, that said subdivision 2 is repealed by the act of 1875. On the contrary, in Girardey v. Moore [Case No. 5,462], it was held by Mr. Justice Bradley, in a case involving the point, that said subdivision 2 is not repealed by the act of 1875; and Judge Dillon (Rem. Causes, 2d Ed., p. 28), observes, that it is, probably, the better view, that, if a case is brought within the provisions of the act of 1866, it may still be removed thereunder; that cases may arise of such a nature that they would fall within the act of 1866, and not within that of 1875; and that, in such event, the latter act should not be held to repeal, by implication, the former. This is, I think, the proper view. The act of 1875 does not expressly repeal said subdivision 2 of said section 639; and, as the act of 1875, in section 2, only relates to the removal of the whole suit, while said subdivision 2 of said section 639 relates to the removal of the suit as against one of two or more defendants, if the suit is one in which there can be a final determination of the controversy, so far as concerns such one defendant, without the presence of the other defendants as parties in the cause, I concur with Mr. Justice Bradley in the view that there is no conflict between the provisions, and no reason why both should not stand, and that said subdivision 2 of said section 639, so far as it authorizes a defendant to remove a cause as to him, is not repealed by the act of 1875.

It is also contended, for the plaintiffs, that this suit is not one in which there can be a final determination of the controversy, so far as concerns Dahlman, without the presence of the two defendants sued with him as copartners, as parties in the cause. The view urged is, that, as the three are sued as copartners, no recovery can be had against Dahlman unless the copartnership shall be established, and that, in such event, the determination must be against the three. The plaintiffs, as part of their causes of action on the two notes, set forth, in their complaint, that they signed a composition of such notes, and surrendered them, because of fraudulent representations made by the defendants, inducing such signing and surrender. The plaintiffs contend, that, as such composition was one with the defendants jointly and as copartners, the controversy cannot be determined without the presence of all of them.

The language of subdivision 2 of section 639 of the Revised Statutes is not that the suit must be one in which there can be a final determination of the whole controversy instituted by the plaintiff, as regards all the defendants, without the presence of all, but is only that the suit must be one in which there can be a final determination of the controversy so far as concerns the defendant petitioning for removal, without the presence of the other defendants as parties in the cause. I do not see why this controversy cannot be determined finally, so far as concerns Dahlman, with him alone served or appearing as defendant. He cannot now be heard to allege that the others must be served or appear in this court. The plaintiffs have the right to proceed at the same time with this suit in the state court as against the other two defendants. As this is a suit at law, and the state practice governs it, if the plaintiffs, serving process only on Dahlman, would, if the suit had all of it remained in the state court, and it had been

tried there on the present pleadings, and they had recovered judgment, have been entitled to a judgment against all the defendants as composing the copartnership which made the notes, so far as to be able to enforce such judgment against the joint property of all such defendants, and against the separate property of Dahlman, they will be entitled to a like judgment, with like effect, in this court. The words in the statute, "the presence of the other defendants as parties in the cause," means their presence by being served with process or by appearing. Any rights which the plaintiffs would have had in the suit as against the other two defendants, not served or appearing, by reason of the service on or appearance of Dahlman, still remain to the plaintiffs, and are brought into this court by the coming of the plaintiffs and of Dahlman into this court.

It is objected by the plaintiffs, that the petition for removal is not signed or verified by Dahlman, but is signed and verified by the attorney for Dahlman in the suit. I think the petition is sufficiently signed and verified.

There is no force in the objection that notice of the application for removal was not given to the plaintiffs' attorney. The motion to remand the cause is denied.