### STEBBINS *v.* LANCASHIRE INSURANCE COMPANY.

A petition for the removal of a cause to the federal court filed at the
fifth term, the pleadings being complete at the second term, is not
filed at the term when the cause can first be tried.

PETITION, for the removal of a cause to the circuit court of the
United States. The action was entered at the October term,
1877. At the October term, 1878, a nonsuit was ordered on the
ground that the form of action was wrong. At the June law
term, 1879, the plaintiff's exception was sustained, and he had
leave to amend by changing the form of action. At the October
term, 1879, his amendment was filed and allowed, and the defend-
ants thereupon filed their petition for removal, which was denied,
and they excepted.

*Cushing* and *Batchelder & Faulkner*, for the defendants.

*Lane & Dole*, and *Davenport & Eddy* (of Vermont), for the
plaintiff.

SMITH, J. The term at which a cause can first be tried is the
term at which the cause is first triable on its merits. *Huddy* v.
*Havens*, 3 W. N. C. 432; Am. Law Reg., May, 1879, *p.* 312. It
is the first term at which the case is at issue for trial and might
be ordered to be tried. *New York Warehouse & Security Co.* v.
*Loomis*, 122 Mass. 431. It is the term when the cause is ready
for trial, although the court and parties may not be ready to try
it. *Gurnee* v. *City of Brunswick*, 1 Hughes 270; *Forrest Home* v.
*Keeler*, 9 Reporter 432. The fact that there is other business en-
titled to precedence on the docket does not obviate the necessity
of filing the petition for removal at the first term when the case
could otherwise be tried. *Preston v. Insurance Co.*, 58 N. H. 76;
*Warehouse Co.* v. *Loomis, supra; Huddy* v. *Havens, supra; Mur-
ray* v. *Holden*, 10 Reporter 162. Nor does the time when a cause
may first be tried depend upon the diligence of counsel in complet-
ing the pleadings. *Fulton* v. *Golden*, 8 Reporter 517. The object
of the statute of 1875 was to abridge the right of removal by fixing
a definite time within which it might be exercised. *Preston* v.
*Insurance Co., supra.*

By our course of procedure a cause is tried upon the general
issue unless a special plea is filed within ninety days from the com-
mencement of the term when the action is entered. Unless so
filed, special pleas are not received except upon leave of the court
and payment of costs occasioned by the delay. 9th Rule of Court.
No special plea was filed in this case. By the law and practice
of this state, therefore, this case could have been tried at the

April term, 1878.    The pleadings were then complete, and the parties at issue upon the original declaration.    No actual trial was had, for the plaintiff's motion for leave to amend was denied, and a nonsuit ordered.    If the parties had gone to actual trial, the same result must have followed.    The original declaration showed a good cause of action, which the plea denied.    The trouble was not in the pleadings, but in the fact disclosed upon the motion to amend, that the policy of insurance, upon which the plaintiff relied as evidence of the contract with the defendants, would not support his declaration.    That a different issue may be presented by the amended pleadings does not alter the fact that the case would have been tried upon the pleadings as they stood at the October term, 1878.    The petition for removal was not seasonably filed, and for that reason was properly denied.

*Exceptions overruled.*

CLARK, J., did not sit : the others concurred.