BLACKWELL and another v. BRAUN and another.

(*District Court, D. Maryland.* January 16, 1880.)

REMOVAL OF CAUSE—ACT MARCH 3, 1875.—The words, "at the term at which said cause could be first tried," contained in the act of March 3, 1875, relating to the removal of causes, *held* to mean, " the first term at which the pleadings were in condition for trial; that is to say, when the issues were made up." *Gurnee* v. *County of Brunswick*, 1 Hughes, 270, followed.

BOND, J. This is a motion to remand the cause removed from the circuit court of Baltimore city, under the act of March 3, 1875. We agree with the counsel of complainant that the case, the legality of the removal of which we are now to determine, is that case which is made by the amended bill and answer. This amended bill was filed January 26, 1876, and the amended answer was filed on February 4th, and the replication on the twenty-fourth of February, in the same year. The motion to remove was made March 27, 1879. Three years had elapsed since the cause was at issue; nothing more had to be done to the cause. It was ready for hearing. It might have been heard on bill and answer at any term during the whole of three years, but the parties were

not ready. They desired testimony. But it is not the condition of the proof in a cause that determines the right of removal, but the condition of the pleadings; when the cause is at issue it can be tried.

The absence in an equity suit of an outstanding commission does not settle the question whether or not the cause can be tried, any more than the absence of a witness in a suit at law would determine whether it was triable or not. To discover that an equity cause is ready for trial it is not necessary to find that it was ever set for hearing. The cause must be triable before it can be set for hearing. How long before it was heard it might have been heard depends upon the diligence of counsel.

The words of the statute, "at the term at which said cause could be first tried," it might be contended, should be construed to mean either the term at which the issues were made up; or the term at which the judge was present and had an opportunity to hear the case; or the term at which the engagements of counsel allowed them to attend; or the term at which all the requisite witnesses could be procured or their depositions taken; but it has been found that the only reasonable construction to be put upon these words of the statute is the first term at which the pleadings were in condition for trial; that is to say, when the issues were made up.

We think this cause could have been tried at the term when the replication was filed, February 24, 1876, and must adhere to the ruling in the case of *Gurnee* v. *The County of Brunswick*, 1 Hughes, 270, and will direct the case to be remanded.