WHEELER *v.* LIVERPOOL, LONDON, AND GLOBE INSURANCE COMPANY.

The latest term at which a cause can be removed to the federal court, under the act of congress of 1875, is the first term when it is at issue on its merits, or should be at issue but for the fault of the petitioner.

PETITION for the removal of a cause to the federal court. The action was entered at the April term, 1880, when the defendants appeared, and the cause was continued to the next term (October, 1880). At the October term the defendants filed a petition and bond for removal to the circuit court of the United States. The court denied the petition, and the defendants excepted.

*S. C. Eastman*, for the defendants, cited *Preston* v. *Insurance Co.*, 58 N. H. 76; *Van Allen* v. *Railroad*, 3 Fed. Rep. 545; *Ames*

v. *Railroad*, 4 Dill. 260, 263 ; *Whitehouse* v. *Insurance Co.*, 2 Fed. Rep. 498.

*Marston & Eastman* (with whom was *J. S. H. Frink*), for the plaintiff, cited Rule 30 ; *Preston* v. *Insurance Co.*, 58 N. H. 76.

SMITH, J.   The act of congress of March 3, 1875, requires the petition for the removal of a cause from a state to a federal court to be filed before or at the term at which the cause can first be tried ; 18 Stats. at Large, *c.* 137, *s.* 3.   The petition in this case was filed at the second term.   The question is, whether the cause could first be tried at the term when it was entered.   The rule for determining when a cause can first be tried is differently stated in the reported cases, but the discrepancy is more apparent than real. *Huddy* v. *Havens*, 3 W. N. C. 432; *New York, &c., Co.* v. *Loomis*, 122 Mass. 431 ; *Fulton* v. *Golden*, U. S. Cir. Court, Dist. N. J., 8 Reporter 517; Dill. Rem. Caus., *s.* 64; *Murray* v. *Holden*, 2 Fed. Rep. 740; *Knowlton* v. *Congress, &c., Co.*, 13 Blatchf. 170 ; *Forrest Home* v. *Keeler*, 9 Reporter 432 ; *Ames* v. *Col. Central Railroad*, 4 Dill. 260; *McLean* v. *Railroad*, 16 Blatchf. 319; *Taylor* v. *Rockfeller*, 7 Cent. L. J. 349; *Forrest* v. *Forrest Home*, 1 Fed. Rep., March, 1880 ; *Wheeler* v. *Insurance Co.*, U. S. Cir. Ct. N. H., 12 Reporter 418 ; *Preston* v. *Insurance Co.*, 58 N. H. 76 ; *Stebbins* v. *Insurance Co.*, 59 N. H. 414.   A uniform rule drawn from the various decisions seems to be, that the latest term at which a cause can be removed is at the first term when it is at issue on its merits, or should be at issue but for the fault of the petitioner.   Whether the business of the court will admit of the case being tried, or the parties are otherwise ready, are inquiries not material.   When the issue is not made up until after the term fixed by the law of procedure of the state as the trial term, the cause cannot be removed after such term.   In our practice, the first term has been in effect an appearance term merely.   Actions of this magnitude have not generally been tried at that term.   Either party may bring on the cause for trial by giving the other notice to that effect thirty days previous to the commencement of the term.   Rule 31.   When the action is commenced less than thirty days prior to the term, the notice cannot be given.   Under the rules, the plaintiff is entitled to a continuance at the first term, when there is an appearance for the defendant, and no notice for trial has been given.   No affidavit is required of him.   The defendant, also, unless notice for trial has been given, is entitled to a continuance upon showing by affidavit that he has probable ground of defence, and the nature of his defence.   Rule 31.   In practice, the affidavit is generally waived.   The defendant has ninety days from the commencement of the first term within which to plead specially ; if no special plea is filed, the case is tried upon the general issue.   When notice to be ready for trial is given, the special plea must be sooner filed if the case is reached within

the period of ninety days. Generally the plea is not filed at the first term, for it seldom lasts as long as ninety days. Thus, the first term has generally been an appearance term merely. If the steps provided by the rules are taken, it is in the power of either party to make the first term a trial term. There are now more trials at the first term than there were formerly; but the first term cannot be regarded as the first term for trial, within the meaning of the federal law. In this case no notice to be ready for trial was given; and it was not in the power of the plaintiff to bring the case to trial if the defendants had shown a defence by affidavit, nor in the power of the defendants if the plaintiff had elected to take a continuance, as he did. If no affidavit of defence was filed, it was because it was waived. The time for pleading did not expire until after the end of the first term. The issue was not made up, and the defendants were in no fault that the pleadings were not completed. It did not appear at the first term what question would be tried. We are of opinion that the first term when these parties were not prevented by our law of procedure from going to trial was the term at which the defendants' petition for removal was filed.

*Exception sustained.*

CLARK, J., did not sit: the others concurred.