DUNTON *et al.* v. MUTH *et al.*

(*Circuit Court, D. Montana.* February 5, 1891.)

1 REMOVAL OF CAUSES—CITIZENSHIP—ACTION IN TERRITORIAL COURT.
  In an action brought in a Montana territorial court, where both defendants are citizens of the territory, and the two plaintiffs are respectively citizens of a state and another territory, the admission of both territories as states will not make the suit a "controversy between citizens of different states," and removable under sec-tion 23 of the Montana enabling act, providing that on written request all cases pending in territorial courts shall be transferred to the federal circuit and district courts after admission, provided they would have had jurisdiction when the action was commenced, had such courts existed.

2. SAME—FEDERAL QUESTION.

In an action in ejectment, where it appears that both parties claim under deeds from the trustee holding the legal title of a town-site on public lands, under the provisions of Rev. St. U. S. § 2387, and both claim to be *cestuis que trustent* under the statute, the case is removable, as involving a federal question.

3. SAME—DELAY IN APPLICATION.

The provision of act March 3, 1875, that the application for removal must be made at the term at which the cause could be first tried, must be construed to mean at the first term at which the pleadings were in a condition for trial; and, where it appears that the pleadings were lost, and had to be substituted, an application four days after that was done makes a sufficient showing of diligence.

At Law. Petition for a writ of *certiorari.*

*Comly & Foote,* for petitioner.

*Toole & Wallace,* for respondent.

KNOWLES, J. This action, above named, was commenced in the district court of the first judicial district for Montana territory on the 7th day of June, 1887. It appears to have been an action in ejectment to determine the right to a town lot. On the 22d day of December, 1890, the defendant Albertos filed his petition to remove said cause from the state court of Montana, in and for its first judicial district, where the same was pending, to this court. The said state court has refused to comply with the request in this petition, and the said Albertos now applies to this court for a writ of *certiorari,* requiring the said court to send the papers in said court in said cause to this.

The questions presented arise, in the main, as to the sufficiency of the petition of said Albertos. Did it state facts sufficient to show that it was a case within the jurisdiction of the federal courts? It has been frequently held that the record of a cause must affirmatively show the jurisdiction of a federal court. The amount in controversy is alleged to exceed $2,000. This is sufficient as to amount to show jurisdiction. The controversy, it is alleged, is between citizens of different states, and was when the suit was commenced. That Frederick Dunton, one of the plaintiffs, is now, and was at the time the action was instituted, a citizen and resident of the state of New York. Martha E. Bullock, the other plaintiff, is now, and was at that time, a citizen and resident of the state of South Dakota, and that both of defendants were then, and are now, citizens and residents of the state of Montana. At the time this action was commenced the court will take judicial notice of the fact that there was no state of South Dakota or state of Montana. The defendants then were not citizens of the state of Montana, and this action at the date it was instituted was not an action between citizens of different states. It is contended, however, that if Montana had been a state in the Union at the time of the commencement of this action, and if this court had then been established, then it would have had jurisdiction, because then the action would be between citizens of different states. This would undoubtedly be true, but the answer to it is, there is this "if" in the way. The jurisdiction of a court does not rest upon supposed facts, but actual facts. It is urged that the above is the true interpretation of section 23 of our enabling act. That the jurisdiction

there conferred upon this court, as far as it concerns cases pending in the territorial courts, was based upon this supposition. In support of this the case of *Dorne* v. *Mining Co.*, 43 Fed. Rep. 690, is cited. This case I think supports the contention of the applicant, but I cannot agree with the rule expressed in that case upon this point. In that case the learned court says:

"The law provides that upon a written request all cases shall be transferred to the federal circuit and district courts after admission, provided such courts would have had jurisdiction of the same under the laws of the United States when the action was commenced, had such courts existed, and that as to such cases the federal courts shall be successors to the territorial court. Now no circuit court of the United States can exist except in a state admitted into the Union. Then, to state the proposition differently, the enabling act gives jurisdiction at the commencement of the action provided South Dakota had at that time been a state in the Union, and the circuit court organized therein."

The key to the doctrine here asserted is that "no circuit court of the United States can exist except in a state admitted into the Union." I have been unable to find any authority for this. The grant of judicial power to the national government is as follows: "The judicial power of the United States shall be vested in one supreme court and in such inferior courts as the congress may from time to time establish." The jurisdiction of these courts is defined to be as follows:

"The judicial power shall extend to all cases in law and equity arising under this constitution, the laws of the United States, and treaties made, or which shall be made, under this authority; to all cases affecting ambassadors, other public ministers and consuls; to all cases in admiralty and maritime jurisdiction; to controversies between two or more states, between a state and a citizen of another state, between citizens of different states, between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens, or subjects."

This section was somewhat modified by the eleventh amendment to the constitution, but not so as to affect this question. Nowhere in the constitution of the United States is the judicial power limited to state lines. In the case of *National Bank* v. *County of Yankton*, 101 U. S. 129, the Unites States supreme court holds this language:

"The territories are but political subdivisions of the outlying dominion of the United States. Their relation to the general government is much the same as that which counties bear to the respective states, and congress may legislate for them as a state does for its municipal organizations. The organic law of a territory takes the place of a constitution, as the fundamental law of the local government. It is obligatory on and binds the territorial authorities, but congress is supreme, and for the purposes of this department of its governmental authority has all the powers of the people of the United States, except such as have been expressly or by implication reserved in the prohibitions of the constitution."

Again:

"Congress may not only abrogate laws of the territorial legislature, but it may itself legislate directly for the local government. It may make a void act of the territorial legislature valid, and a valid act void. In other words, it has full and complete legislative authority over the people of the territories

and all the departments of the territorial governments. It may do for the territories what the people under the constitution of the United States may do for the states."

I do not know of a more complete declaration of the power of the national government over the territories. That the extent of the legislative and judicial power of the general government within the provisions of its constitution is limited only by the domain of the United States, is set forth in *Tennessee* v. *Davis*, 100 U. S. 257. The judicial power of the United States ought to be as extensive as its legislative power. The constitution and laws of the United States not locally inapplicable were extended to the territories. See Rev. St. U. S. § 1891. Some of the territorial courts were given jurisdiction over all cases arising under the laws and constitution of the United States, such as is vested in the circuit and district courts of the United States. See Id. § 1910. If congress had power to give territorial courts the same jurisdiction as is vested in the circuit and district courts of the United States, it could have created such courts in the territories. It is true that, as now constituted, the circuits of the United States circuit court embrace states only, but I cannot see why a circuit could not be enlarged by embracing the territory of Dakota as well as the state of South Dakota. Both are within the domain of the United States, and covered by its legislative and judicial power. The proposition that no United States circuit court could be established in a territory failing, the argument founded upon it fails.

It was claimed in this case that the case of *Express Co.* v. *Kountze*, 8 Wall. 342, sustained the proposition that a citizen of a territory might be considered a citizen of a state. The statute under consideration in that case was a very different one from section 23 of our enabling act. It was section 569 of the Revised Statutes of the United States, which provides:

"When any territory is admitted as a state, and a district court is established therein, the said district court shall take cognizance of all cases which were pending and undetermined in the superior court of such territory from the judgments or decrees to be rendered in which writs of error could have been sued out or appeals taken to the supreme court, and shall proceed to hear and determine the same."

In this statute no provision is made for any request to transfer a cause of a federal character to the United States district court. The statute itself makes the transfer. There is no provision therein that the suits should be of a federal character when commenced, as in section 23 of said enabling act. When Nebraska was admitted into the Union, the plaintiffs in that case became citizens of Nebraska, and the defendant was a citizen of New York. Here was a case within the federal jurisdiction,—a case between citizens of different states. The court in that case says:

"It is true there is no direct averment to this effect, [that is, that the suit was between citizens of different states,] but it is the necessary consequence of the facts stated in the pleadings that the parties to the suit were citizens of different states."

The supreme court of the United States does say in several cases that a citizen of a territory is not one of a state. In the case of *New Orleans* v. *Winter*, 1 Wheat. 91, Chief Justice MARSHALL, in speaking for the court, says:

"It has been attempted to distinguish a territory from the District of Columbia, but the court is of opinion that this distinction cannot be maintained. They may differ in many respects, but neither of them is a state in the sense in which that term is used in the constitution. Every reason assigned for the opinion of the court that a citizen of Columbia was not capable of suing in the courts of the United States under the judiciary act is equally applicable to a citizen of a territory."

In the case of *Hepburn* v. *Ellzey*, 2 Cranch, 445, that court had held that the citizens of the District of Columbia were not citizens of a state, and could not sue in the courts of the United States as citizens of a state.

In the case of *Barney* v. *Baltimore City*, 6 Wall. 287, the same court says:

"These rulings [speaking of those in the cases of *Hepburn* v. *Ellzey*, and *New Orleans* v. *Winter*, *supra*] have never been disturbed, but the principle asserted has been acted upon ever since by the courts when the point has been raised."

Can it be maintained that the court in *Express Co.* v. *Kountze* intended to overrule those cases, or assert that the citizens of a territory might be considered as citizens of a state?

The court in *Dorne* v. *Mining Co.*, *supra*, it appears would base an argument upon the fact that neither the court nor attorneys in the case of *Gaffney* v. *Gillette*, 4 Dill. 264, allude to the fact that the federal court had no jurisdiction because one party was a citizen of a territory when the action was commenced. It is not a very satisfactory ground upon which to base a ruling that a court did not decide a point which might have been raised in a case.

In the case of *Ames* v. *Railroad Co.*, 4 Dill. 260, a case which precedes the case of *Gaffney* v. *Gillette*, *supra*, in said report the circuit court of the United States for Colorado does decide that a territorial court cannot be considered a state court.

For these reasons I have arrived at the conclusion that defendants cannot be considered as citizens of Montana when this suit was commenced; and, in the light of the judicial decisions, I hold it is not proper to interpret the 23d section of our enabling act as attempting to confer jurisdiction on this court of actions between citizens of a territory and citizens of a state. The attempt to interpolate into that section 23 the words, "had Montana been a state," is not warranted, and should such words be placed in the statute, it would be an attempt to found the jurisdiction of this court upon a supposition, and not upon a fact.

The next point is, does the petition show that this is a case arising under the laws and constitution of the United States? The only facts set forth in the petition which deserves consideration upon this point are as follows:

"That said suit is one arising under the laws of the United States, in this, to-wit: Both parties plaintiff and defendant claim to be *cestuis que trustent* under the provisions of section 2387 of the Revised Statutes of the United States, and the trustee created by said section 2387 has, it is alleged, issued deeds for the same named premises, or town lot to both plaintiffs, alleged predecessors in interest, and to the defendants, and the construction of section 2391 of the U. S. Revised Statutes will during the trial of said suit be called in question to determine which of said alleged deeds, if either, have been issued contrary to the provisions of section 2387."

Previous to this allegation in the petition it had been stated that the action was one of ejectment, wherein the plaintiff seeks to eject defendants from certain lands and premises, and that the cause of action arose within Montana. The pleadings in the case are not exhibited in this application, and hence this court is left to consider the application for the writ of *certiorari* upon the petition alone. It is easy to see where this application could have been improved, and to suggest facts which it would have been better to have alleged. I have had some difficulty in determining whether, under the allegations in the petition, it does sufficiently appear that this is a case arising under the laws of the United States.

It was decided in *Water Co.* v. *Keyes*, 96 U. S. 199, that facts showing the case is one arising under the constitution or laws of the United States should be stated, and no legal conclusions; or, in other words, it is not sufficient for a party in his petition for removal to allege that the case is one that arises under the constitution and laws of the United States or under any specific law. The application in this case, however, sets forth that both parties claim under deeds from the trustee created by said section 2387 of Revised Statutes of United States, and that both claim to be *cestuis que trustent* under said statute. In this case the predecessors of one of the parties to this action or the other party must have been the one for whom the trustee, provided for in said section, received title to said premises; which one will depend upon a proper construction of said statute. In the case of *Van Allen* v. *Railroad Co.*, 3 Fed. Rep. 545, it appears that the plaintiff claimed a town lot, and in the answer the defendant alleged the town lots of plaintiff were held by him under the provisions of the town-site act of congress, and that he never had possession, and his claim under said act of congress was fraudulent and void, and it was held the case involved a federal question. In the case of *Cohens* v. *Virginia*, 6 Wheat. 264, it was held:

"A case in law or equity consists of the right of one party as well as of the other, and may truly be said to arise under the constitution or a law of the United States, whenever its correct decision depends on the construction of either."

I feel that the correct determination of this case depends upon the construction of said section 2387, and that the petition states facts sufficient to show this.

As to the question of diligence, I think that sufficiently appears. In the case of *Blackwell* v. *Braun*, 1 Fed. Rep. 351, it was held "that the words 'at the term at which said cause could be first tried,' contained

in the act of March 3, 1875, relating to the removal of causes, meant the first term at which the pleadings were in condition for trial." In the case of *Whitehouse* v. *Insurance Co.*, 2 Fed. Rep. 498, it was held that, under the said act of March 3, 1875, a cause could be removed at the term following the completion of the pleadings. While the removal in this case was not asked until some time after Montana became a state in the Union, it does appear that the pleadings in the case had been lost before that time, and had to be substituted, and that the application for removal to this court was made within four days after this was done. No more stringent rule should be required in a case for removal arising under the 23d section of our enabling act than under the provisions of the act of March 3, 1875, providing for removals from state courts.

I hold that the writ should issue as prayed, from what appears in the petition.