PETTIBONE (HAMLIN v.). See Case No. 5,995.

## Case No. 11,044.

### PETTILON et al. v. NOBLE et al.

[7 Biss. 449;[1] 23 Int. Rev. Rec. 209; 2 Nat Bank Cas. (Browne) 120; 9 Chi. Leg. News, 314.]

Circuit Court, N. D. Illinois. May 4, 1877.

REMOVAL OF CAUSE FROM STATE COURT—APT TIME —JURISDICTION OVER BANKING ASSOCIATIONS.

1. A case pending in the supreme court of a state at the time the act of March 3, 1875 [18 Stat. 470], in regard to the removal of suits, was passed, and which was remanded from such supreme court for further proceedings, stands like a new cause, and consequently the right of removal may be claimed at or before the term at which the case can be tried.

[Cited in King v. Worthington, 104 U. S. 49; Forrest v. Edwin Forrest Home, 1 Fed. 461.]

2. The defendants not being obliged to re-docket the case, are not bound to take affirmative action for a removal until the complainants have caused the case to be re-docketed, of which they are entitled to due notice.

3. The 10th clause of section 629 of the Revised Statutes of the United States, giving United States courts jurisdiction "of all suits by or against any banking association established in the district for which court is held under any law providing for national banking associations" does not invest said courts with exclusive jurisdiction over this class of corporations. Their jurisdiction is only concurrent with that of the state courts.

4. If suit is brought against such banking association in a state court it has no right to remove the cause to the federal court.

[Disapproved in Cruikshank v. Fourth Nat. Bank, 16 Fed. 890.]

[This was a bill in equity by William Pettilon and others against William T. Noble and others, to restrain the negotiation of certain notes Heard on motion to remand the cause to the state court.]

Omar Bushnell, for complainants.
Gwynn Garnett, for defendants.

BLODGETT, District Judge. This is a suit in equity originally commenced in the superior court of Cook county, Illinois, in December, 1873. The complainants had given certain negotiable notes to the firm of W. T. Noble & Co., and secured payment thereof by a chattel mortgage.

The complainants (mortgagors) filed this bill for an injunction to restrain the negotiation of the notes, and the foreclosure of said mortgage, and to have the same declared void, for certain reasons growing out of the dealings between the mortgagors and the mortgagees.

The notes and the mortgage were, as is claimed by the defendants, transferred by indorsements for value before due, to the Central National Bank of Chicago.

The bank was made party defendant. An-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

swers were filed by the defendants, and the case came up on motion to dissolve the injunction. The injunction was dissolved, and the court dismissed the bill without prejudice, and complainants appealed to the supreme court of this state.

On the 30th of January, 1875, the supreme court reversed the decree of the superior court, and remanded the case for further proceedings.

On the 15th of April, 1876, an attorney representing the defendants appeared in the superior court, and, on his motion in behalf of the defendants, and the presentation of the mandate of the supreme court, the case was re-docketed for further proceedings.

On the 14th of October, 1876, the Central National Bank filed its petition for a removal of the cause to this court. Afterwards, on November 3d, 1876, defendants filed an affidavit in the superior court, stating that the attorney on whose motion the case had been re-docketed in April, had no authority to act in their behalf, and asked that the order re-docketing the case, as of April 15th, 1876, be set aside.

This request was allowed, and the case struck from the docket. The case was then re-docketed, as of November 3rd, 1876, and then ordered to be removed to this court pursuant to the defendants' petition.

The only ground of removal alleged in the petition is the fact that the defendant, the Central National Bank, is a corporation under the laws of the United States for the organization of national banks, and that it is the chief party to the controversy in the case, and that the controversy can be determined without the other parties to the suit.

Complainants move to remand, (1) because the case was not removed to this court in apt time; (2) because no sufficient ground for removal is alleged in the petition.

When a suit is reversed and remanded in the supreme court of this state, it is the duty of the party seeking relief by the suit to cause the same to be re-docketed in the court from which the appeal or writ of error was prosecuted.

Here the complainants took no action to have the cause re-docketed until November last. True, an attorney assuming to act for the defendants, caused the case to be docketed in April, 1876, but this action was repudiated by the defendants, and the superior court which had the sole right to pass on that question sustained the defendants' motion to strike from the docket.

The application for a removal of a cause must be made "before or at the term at which said cause could be first tried." It has been held that a case pending in the supreme court of a state, at the time the act of March 3d, 1875, in regard to the removal of suits, was passed, and remanded from such supreme court for further proceedings, stands like a new cause, and consequently the

right of removal may be claimed at or before the term at which the case can be re-tried.

The defendants, not being obliged to re-docket the case, are not bound to take affirmative action for a removal until the complainants had caused the case to be re-docketed, of which they are entitled to due notice.

Here the unauthorized action of the attorney in docketing the case in April being set aside by the court, the case stands precisely as if it had first appeared on the docket of the superior court on the 3d of November last. I think, therefore, that the defendant bank made the application for removal within apt time.

The act of March 3d, 1875, to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, etc., provides as follows:

"Sec. 2. That any suit of a civil nature at law or in equity, now pending or hereafter brought in any state court where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution of the United States, or treaties made, or which shall be made, under their authority, or in which the United States shall be plaintiff or petitioner, or in which there shall be a controversy between citizens of different states, or a controversy between citizens of the same states claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens or subjects. either party may remove said suit into the circuit court of the United States for the proper district; and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them," then either one or more of the plaintiffs or defendants actually interested in such controversy, may remove said suit in the circuit court of the United States for the proper district."

Now, while by the 10th clause of section 629 of the Revised Statutes of the United States, the circuit courts of the United States are clothed with jurisdiction "of all suits by or against any banking association established in the district for which such court is held, under any law providing for national banking associations," it will be seen that this court is not invested with exclusive jurisdiction over this class of corporations. Our jurisdiction is only concurrent with that of the state courts.

And the statute in regard to the removal of causes from the state to the federal courts does not, in terms, give this class of corporations the right to remove a suit. The defendant at whose instance this case is brought here is a resident of this district. The complainants might, under this act of congress, have sued this defendant in this court, but if the complainants elect another tribunal, can the defendant bring this suit here? The only

reason urged why this can be done is, that this defendant derives its corporate existence under a law of the United States, and it is therefore claimed that the case is one "arising under the constitution or laws of the United States," within the meaning of that clause in the second section of the act of March 3d, 1875.

In Bank of U. S. v. Devereaux, reported in 5. Cranch [9 U. S.] 61, it was held that although the old United States Bank was created by act of congress, yet, as it was not specially authorized to sue or be sued in the federal courts, those courts had no jurisdiction, while in the later case of Osborn v. U. S. Bank, 9 Wheat. [22 U. S.] 819, it was held that the federal courts had jurisdiction, because the charter expressly provided therefor; and one of the main questions discussed and passed upon in that case was the constitutionality of this provision, the court in substance holding that as the bank was a creature of federal legislation, it could give the federal courts jurisdiction over it. But I do not construe that case as going to the extent contended for by defendants' counsel in this case, that because congress had created the bank in question, therefore it could sue or be sued in the federal courts. The reverse of this doctrine was held in the case I first cited, and was not overruled in the latter case.

So, too, the federal courts are clothed with jurisdiction in all cases where the United States are plaintiffs in a suit at law, or petitioners in a suit of equity, and yet congress seems to have deemed it necessary to expressly confer upon the United States the right to remove a suit commenced by themselves in a state court to the federal courts.

Then again, by section 640, Revised Statutes of the United States, it is provided that: "Any suit commenced in any court other than a circuit or district court of the United States, against any corporation other than a banking corporation, organized under a law of the United States, or against any member thereof, as such member for any alleged liability of such corporation, or of such member as a member thereof, may be removed for trial, in the circuit court for the district where such suit is pending, upon the petition of such defendant, verified by oath, stating that such defendant has a defense arising under or by virtue of the constitution, or of any treaty or law of the United States. Such removal, in all other respects, shall be governed by the provisions of the preceding section." Here the right of removal is expressly denied to banking corporations.

In the light of these authorities and the reason of the law, I conclude that this defendant had no right to remove this cause to this court. The motion to remand will therefore be sustained, and the cause is remanded.