## Case No. 9,514.

### MEXICO SOUTH. BANK v. REED.

[8 Reporter, 7; 25 Int. Rev. Rec. 161; 4 Cin. Law Bul. 391; 7 Am. Law Rec. 650; 26 Pittsb. Leg. J. 191.] [1]

Circuit Court, S. D. Ohio. 1879.

FEDERAL COURTS — FACTS CONFERRING JURISDICTION—CORPORATIONS.

Where a corporation is a party to an action, the allegations conferring jurisdiction on the federal courts need not appear in the caption of the petition. It is sufficient if the facts conferring jurisdiction are in some form affirmatively shown by the record.

Action on a promissory note, the caption of the petition being "The Mexico Southern Bank, a Corporation, Plaintiff, v. Townsend Reed, Defendant," and it comes before the court on a motion made by defendant to dis

[1] [Reported from 8 Reporter 7, by permission. 4 Cin. Law Bul. 391, contains only a partial report.]

miss the petition for the following reasons: First. "Because the statement and designation in the caption of the petition of the alleged plaintiff is not in conformity to law." Second. "Because by law jurisdiction of the court in a case like this must be shown by a full statement and designation in the title or caption of the petition of the kind, character, and location of the corporation as entitling it to sue therein, as well as in the body of the petition." Third. "Because the name and designation of the plaintiff as a corporation in the said caption, without assuming therein its location, character, and kind, are not the same as is averred in the body thereof; the averment is, referring to the said caption, 'said plaintiff,' when, in fact, in said caption naming the plaintiff, it is not named or described as in the body of the petition."

H. C. Whitman, for the motion.
G. T. Harrison, contra.

SWING, District Judge. The vital point in the motion to dismiss the petition, and the only point necessary to be decided by the court, is, whether the caption of the petition is sufficient to give the court jurisdiction in this case. "It is a settled doctrine of this court, that, in cases where jurisdiction of the federal courts depend upon the citizenship of the parties, the facts essential to support that jurisdiction must appear somewhere in the record," says Mr. Justice Harlan, in the opinion given by him, October term, 1878, in the supreme court of the United States, in Robertson v. Cease [97 U. S. 646]. In Railway Co. v. Ramsay, 22 Wall. [89 U. S.] 326, the present chief justice said: "They need not necessarily, however, be averred in the pleadings. It is sufficient if they are in some form affirmatively shown by the record." That view was approved by the subsequent case of Briges v. Sperry, 95 U. S. 403. In the present case, the only record is the petition, therefore the necessary allegations must be contained somewhere in the petition, and must be distinctly and positively averred, but not necessarily in the caption, and it is not sufficient that the facts of jurisdiction may be inferred argumentatively from the averments. Now, though in this case the statements of the location, character, and nature of the corporation, the plaintiff herein, are not set forth in the caption of this petition, yet allegations essential to support the jurisdiction of the court, so far as pertains to the plaintiff, appear in the body of the petition, namely, that the plaintiff "is a corporation organized under the laws of the state of Missouri, and is engaged in the business of banking in the city of Mexico, in said state," and in cases where the jurisdiction of the federal courts depends upon the citizenship of the parties, the decisions hold that for the purposes of suit a corporation is a citizen of the state under whose laws it has its existence and being. Motion overruled.