## BIBLE SOCIETY *v.* GROVE.

1. A party is not entitled to the removal of a suit from a State court into the Circuit Court on account of prejudice or local influence, unless the adverse party is a citizen of the State in which the suit was brought.
2. A suit tried in a State court April 14, 1875, was, on the disagreement of the jury, continued at that term and the following one. *Held,* that a petition for its removal filed thereafter should not be granted.

ERROR to the Circuit Court of the United States for the Western District of Missouri.

The facts are stated in the opinion of the court.

*Mr. George P. Strong* for the plaintiff in error.
*Mr. L. Danford, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit begun on the 6th of March, 1868, in a State court, by a part of the heirs-at-law of Jacob E. Grove, to set aside his will. The defendants were the executors of the will, the legatees or devisees, and some of the heirs. The case was tried four times in the State court, and the venue was changed twice. At three of the trials the jury disagreed. At the other a verdict was given for the plaintiffs, which the court set aside. The last trial commenced April 14, 1875, at the January adjourned term of the Circuit Court of Macon County, Missouri, and resulted in a disagreement of the jury. At the next term, beginning on the third Monday in May, the cause was continued.

On the 21st of September, 1875, the American Bible Society, one of the defendants in the suit, a New York corporation, and a legatee under the will, filed its petition for the removal of the cause to the Circuit Court of the United States. The ground of removal is thus stated in the petition : —

" That said John A. Grove and others, plaintiffs as aforesaid, are residents and citizens of the State of Ohio, and other States other than the State of New York ; that none of said plaintiffs reside in or are citizens of the State of New York ; that said controversy is wholly between citizens of different States, and can be fully determined as between them ; that

petitioner is actually interested in said controversy (being the only party whose interests plaintiffs profess to desire to affect in said controversy); that the amount involved in said controversy exceeds $5,000.  Petitioner further states that it has reason to believe, and does believe, that from prejudice and local influence it will not be able to obtain justice in said Circuit Court of Macon County aforesaid." Accompanying the petition was the necessary bond, and an affidavit of the attorney of the petitioner, stating his belief of the facts set forth, and that from local influence and prejudice the petitioner would not be able to obtain justice in the State court. It nowhere appears from the petition or the record that either of the plaintiffs was a citizen of Missouri.

A copy of the record in the suit was duly filed in the Circuit Court of the United States, and the cause docketed there. At the first term the plaintiffs appeared and moved that the cause be set down for hearing; but the court adjourned without disposing of the motion. On the 6th of March, 1876, and during the vacation, the plaintiffs filed in the office of the clerk another motion to remand the cause, on the grounds, among others, 1, that the petition for removal was not filed before or at the term in which the cause could be first tried; and, 2, that it did not appear that the plaintiffs, or either of them, were citizens of Missouri. At the next term this motion was granted. To reverse that order the case has been brought here.

We think the decision below was right. The courts of the United States are not required to take any suit until in some form their jurisdiction is made to appear of record. This rule applies to suits coming to them by removal as well as to those in which they issue the original process.

Suits cannot be removed from the State courts on account of " prejudice or local influence," unless the party opposed to him who petitions for the removal is a citizen of the State in which the suit is brought. The express provision of the statute is, that " when a suit is between a citizen of the State in which it is brought and a citizen of another State, it may be so removed, on the petition of the latter." Rev. Stat., sect. 639, sub-sect. 3. The act of March 3, 1875 (18 Stat. 470), has not changed this provision of the Revised Statutes. Removals for

this cause still depend on that section, which is a reproduction of the act of 1867. 14 id. 558. As the plaintiffs are not shown to have been citizens of Missouri, it is clear that the defendants were not entitled to take the case to the courts of the United States on this ground.

To effect a removal under the act of March 3, 1875, the petition must be filed in the State court " before or at the term at which said cause could be first tried and before the trial thereof." Sect. 3. This has been held to mean, in respect to suits pending when the act was passed, that the petition must be filed at the first term of the court thereafter at which the cause could be tried. *Removal Cases*, 100 U. S. 457. The act took effect from the time of its approval, March 3. The case was actually tried once in the State court, on the 14th of April following. The jury disagreeing, it was continued at that term and also at the May term. The petition for removal was not filed until September afterwards. Clearly this was too late.

It is unnecessary to consider any of the other objections to the jurisdiction of the Circuit Court which have been raised.

*Judgment affirmed.*