FORREST *v.* EDWIN FORREST HOME and others.[*]

*(Circuit Court, S. D. New York.  March 8, 1880.)*

REMOVAL OF CAUSE—ACT MARCH 3, 1875.—In the state of New York a cause cannot be removed under the act of March 3, 1875, after the expiration of the term in which the same could have been noticed for trial, under the provisions of the New York Code.

Motion to remand cause to the state court.

*John Townshend*, for plaintiff.

*Robert W. De Forest*, for defendant.

BLATCHFORD, J.  This is an action of ejectment, brought in the supreme court of New York, to recover possession of a piece of land in the city of Yonkers.  The complaint put in the state court alleges seizure and possession in fee by the plaintiff, and ejection of the plaintiff, and withholding of possession from him by defendants; and demands judgment that the plaintiff has an estate in fee in the premises, and that he recover possession thereof, and his damages for the withholding thereof.  The Edwin Forrest Home answered, denying the allegations of the complaint.  The other two defendants did not appear, or answer, and are in default for want of an answer on the twenty-third of January, 1878. The answer of the Edwin Forrest Home was put in on that day.  The cause was at issue as to the Edwin Forrest Home on that day.  .

Subsequently and on the ninth of December, 1879, the Edwin Forrest Home filed in the state court a petition set-

*See *Blackwell* v. *Braun*, ante, 351

ting forth, among other things, that the plaintiff was at the commencement of the suit and is a citizen of the state of Massachusetts, and that the Edwin Forrest Home was at the commencement of the suit and is a corporation created by the state of Pennsylvania and a citizen of that state; that "this is a suit in which there can be a full and final determination of the controversy between the plaintiff and your petitioners, the Edwin Forrest Home, without the presence of the other defendants as parties in the cause;" that the defendants Keeler and Lawrence were, at the commencement of the suit, and are both of them, citizens of the state of New York; that both of them are in default for not answering the complaint; and that the petition "is made and presented before or at the term at which said cause could first be tried, and before the trial thereof."

The prayer of the petition is that the suit, "so far as concerns your petitioners, the said the Edwin Forrest Home, be removed into the circuit court of the United States for the southern district of New York."

On the petition, and a bond, the state court entered an order, on the ninth of December, 1879, accepting the petition and the bond, and ordering "that this action, so far as concerns the said defendant, the Edwin Forrest Home, be and the same hereby is removed for trial from this court into the next circuit court of the United States, to be held in and for the southern district of New York, in the second circuit, and that this court proceed no further therein."

The removal in this case is not one provided for by subdivision 2 of § 639, of the Revised Statutes of the United States, because the plaintiff is not a citizen of New York. The removal must, therefore, be upheld, if at all, under the act of March 3, 1875, (18 U. S. St. at Large, 470.)

The plaintiff moves to remand the cause to the state court, on the ground that the removal was not applied for in time, under section 3 of the act of 1875, which requires that the application shall be made "before or at the time at which said cause could be first tried, and before the trial thereof."

It is provided, by section 977 of the Code of Procedure of

New York, that "at any time after the joinder of issue, and at least 14 days before the commencement of the term, either party may serve a notice of trial; that at least 12 days before the commencement of the term the party serving the notice must file with the clerk a writ of issue; and that the clerk must thereupon enter the cause upon the calendar according to the date of the issue."

It is provided, by section 980 of the same code, that either party who has served the notice may bring the issue to trial, and proceed in the absence of the adverse party. The place of trial of this action was the county of Westchester, and the place of trial of the issue in it was a circuit court to be held in that county. The plaintiff shows that after the joining of such issue, and prior to such order for removal, circuit courts were held in said county of Westchester, commencing, one March 3, 1878, one June 3, 1878, one September 16, 1878, one December 9, 1878, one March 3, 1879, one June 2, 1879, and one September 15, 1879.

The defendant shows that since issue was joined the plaintiff has procured seven commissions to six different places to examine witnesses, the last of which was procured November 12, 1879; that none of them have been returned; that the suit was noticed for trial for the first time for a term of court commencing December 15, 1879; and that it was never before noticed for trial or placed on the calendar of the court for trial.

The plaintiff contends that as either party could have noticed the cause for trial at any one of the terms named, and as there was no legal obstacle to the noticing of the cause by the defendant, and no stay of proceedings in the orders for commissions, or otherwise, the removal is too late. The defendant contends that as the cause could not be tried, under the statute of New York, until it was in fact noticed for trial and placed upon the calendar, the removal was in time.

The defendant cites the case of *Warner* v. *The Pennsylvania R. Co.* 13 Blatch. C. C. R. 231. But in that case there were stays of proceedings which prevented a trial. In *Pettilon* v. *Noble,* 7 Bissell, 449, cited by the defendant, it would appear

that the issue was not a triable issue, after the reversal, until the defendant had notice that the plaintiff desired the issue to be reinstated as a triable issue. This is a different provision from that of the Code of New York.

The intent of the act of 1875 is plainly to require prompt action on the part of a party desiring to remove a cause. Under the act of September 24, 1798, § 12, (1 U. S. St. at Large, 79,) as embodied in section 639 of the Revised Statutes, it was necessary to apply for the removal at the time of entering an appearance in the state court. Under the acts of July 27, 1866, and March 2, 1867, (14 U. S. St. at Large, 306, 558,) as embodied in the same section of the Revised Statutes, the application could be made at any time before the trial or final hearing of the suit. Under the act of 1875 the application must be made, not only before the trial of the cause, but before or at the term at which it "could be first tried."

In *Knowlton* v. *Congress & Empire Spring Co.* 13 Blatch. Circuit Court Rep. 170, the plaintiff removed the cause, and the defendants moved to remand it. It was held that where either party could notice the cause for trial at a term, that term must be considered the term at which the cause could be first tried.

In *Stough* v. *Hatch,* 8 Reporter, 7, the cause was noticed for trial by the plaintiff, and placed on the calendar, but not tried, both parties having consented that it go off for the term. The defendant then removed it, and the plaintiff moved to remand it. The motion was granted, on the ground that the term in question was the term at which the cause could be first tried, and that the want of preparation of the parties, and their consent, could not affect the question. A practically mutual consent not to put a cause on the calendar would seem to amount to the same thing as a consent to have a cause go over the term.

In *Gurnee* v. *The County of Brunswick,* 1 Hughes, 270, 271, Chief Justice Waite says, in reference to the statute in question: "A cause cannot be tried until in some form an issue has been made up for trial. The pleadings or statements

necessary to make the issue are regulated by the practice in the court where the trial is to be had. As soon as the issue is made up the cause is ready for trial. The parties and the court may not be ready, but the cause is. The first term, therefore, at which a case can be tried is the first term at which there is an issue for trial. An application for removal, to be in time, must be made before or at this term."

In *Ames* v. *Colorado Central R. Co.* 4 Dillon, 260, 263, it is said that the term referred to in the act of 1875 "appears to be that at which the cause may be heard or tried on the merits, according to the practice of the court, without reference to the special circumstances of the case, as whether the parties are ready for trial, and the like." In *Fulton* v. *Golden,* 9 Central Law Journal, 286, it was held that a removal was too late, where an equity cause being at issue, on answer and replication, and the practice allowing either party to notice it and bring it to hearing, and where under the practice the testimony could have been taken, and the cause noticed for hearing in eight months from the issue, neither party had moved in it, and eight terms had elapsed before the petition for removal was filed.

Although the plaintiff in the present case did not notice the case for trial at an earlier term, the defendant could have done so. The plaintiff had a right to regard the defendant as having waived his right to remove the cause, when, in the absence of any stay, the defendant did not remove the cause before or at the first term at which the cause, being at issue and triable on the merits, the defendant might have noticed it for trial. The proper construction of the statute is such as to make it necessary to hold that the removal in this case was too late.

Points are raised by the plaintiff as to the value of the land sued for, and as to whether the petition for removal, not being framed to remove the whole suit, is of any avail under the act of 1875, and as to whether the petition makes out a case for removal under the acts of 1875, and as to whether the suit is not removable, in whole or in part, on the petition of

the petitioning defendant alone under the act.    It is not necessary to pass on those points.

The motion to remand is granted.