TRADERS' BANK OF CHICAGO *v.* TALLMADGE and another.

*(Circuit Court, S. D. New York. October 25, 1881.)*

1. REMOVAL OF CAUSES—FIRST TERM.
   After the expiration of a term of the state court at which the suit could be legally tried, it is too late to file a petition for its removal to this court.

2. SAME—JURISDICTION—STATE COURT.
   The circuit court is not precluded by the decision of the state court from determining for itself whether or not the removal was made in time.

*Strong & Cadwalader,* for plaintiff.

*James C. Foley,* for defendants.

BLATCHFORD, C. J.    This is a suit at law, commenced in a court of the state and removed into this court by the plaintiff. Each defendant answered separately in the state court.

The case was duly noticed for trial by the plaintiff and by each of the defendants for a term of the state court, to be held on the first Monday of May, 1881, which was May 2d. All the notices of trial were served on or before April 18th. On April 18th the state court, on the application of one of the defendants, made an order that the plaintiff file security for costs within 10 days from the service of the order, or show cause to the contrary on April 29th, and that in the mean time, or, if security should be filed, then until such security should justify, if excepted to, the plaintiff's proceedings should be stayed. This stay continued till May 14th, when it ended. On the seventh of May each defendant gave notice of a motion for May 16th for a commission to take testimony in Missouri, and for a stay of the trial of the action till the return of the commission. On the first of September the plaintiff filed a petition for the removal of the suit into this court. The order of removal was made by the state court on that day. It states that the petition was filed "before the term at which said cause could be first tried, and before the trial thereof, to-wit, on the first day of September, 1881." The petition bears date August 24th, and was verified August 25th. It states that issue was joined on or about April 15, 1881; "that the said suit is not yet ready for trial; and that the same could not be tried at the last term of the court, nor can it be

tried at the present term, and no trial has been had." The order of removal was made without any prior notice to the attorney for the defendants. There was a trial term of the state court which commenced the first Monday of May. The plaintiff, on the fifteenth of April, placed the cause on the calendar of the court for that term. There is nothing to show how long that term continued. The motions for commissions were adjourned from time to time till September 5th. A trial term of the state court was held in the month of June, 1881. It does not appear that the case was noticed for trial for that term by either party. That term commenced June 6th and ended prior to September 1st. The defendants move to remand the suit.

It is plain that the suit was not removed in time. There was nothing to interfere with its being tried legally at the June term. The notice of motion for a commission and a stay was not a stay. The plaintiff was bound to remove the suit, at least, before the end of the June term, if he was to remove it at all. *Forrest* v. *Keeler*, 17 Blatchf. 522.

The plaintiff contends that the question of time cannot be considered in this court, because the state court passed upon it in its order. It is true that the state court adjudicated upon it, but it did so *ex parte*, and without a hearing of the defendants. The act of March 3, 1875, (18 St. at Large, 470, § 5,) provides that if, in any suit removed to this court, it shall appear to its satisfaction, at any time after the suit is removed, that it "does not really and substantially involve a dispute or controversy properly within the jurisdiction" of this court, this court shall proceed no further therein, but shall remand it to the court from which it was removed. This provision has recently been construed by the supreme court in *Babbitt* v. *Clark*, 103 U. S. 606, 610. It is there said by the court that a decision by the circuit court that the necessary steps were not taken to remove the case, is a decision of the question of its jurisdiction; and that the question of whether a removal was made in time, is a question of jurisdiction. In that view, it is for this court to determine its jurisdiction, however that question may previously have been decided by the state court.

The motion to remand is granted.