See *Cruikshank* v. *Fourth Nat. Bank, infra; Myers* v. *Union Pac. Ry. Co., ante,* 292; *State* v. *Chicago, B. & Q. R. Co., ante,* 706; *Ellis* v. *Norton, ante,* 4

---

CRUIKSHANK *v.* FOURTH NAT. BANK.

*(Circuit Court, S. D. New York. May 25, 1883.)*

REMOVAL OF CAUSE—ACT OF MARCH 3, 1875, § 2—CORPORATION CREATED BY ACT OF CONGRESS—SUIT ARISING UNDER LAWS OF UNITED STATES.

A suit by or against a corporation created by an act of congress, is a suit arising under the laws of the United States, within the meaning of section 2 of the removal act of 1875, and may be removed from a state court.

Motion to Remand Cause.

*W. H. Field,* for complainant.

*Bristow, Peet & Opdyke,* for defendant.

WALLACE, J. The right of the defendant, as a corporation created by the laws of congress, to remove a suit brought against it in a state court, is clearly conferred by section 2 of the removal act of 1875, if such a suit is one arising under the laws of the United States.

That section is very comprehensive, and among the new provisions which it introduces is that which authorizes the removal of suits of the circuit courts arising under the constitution and laws of the United States, irrespective of the citizenship of the parties. If the suit is one of this character it is quite unnecessary to explore previous enactments in order to ascertain what rights of removal had been granted or withheld, because the language employed is clear and explicit, and the whole subject of removals was under consideration by congress. In conferring the right upon either party to remove a suit into the circuit court "arising under the constitution or laws of the United States," the section employs the language of the constitution, which defines the extent of the judicial power of the United States, and lodges it in the supreme court and such inferior courts as congress may from time to time ordain and establish. The evident purpose of the section was to confer the right of removal upon litigants to the full measure of the constitutional grant of power. In the language of the court in *Taylor* v. *Rockfellar*, 18 Amer. Law Reg. (N. S.) 298, "it seems to have been intended to confer on the circuit courts all the jurisdiction which, under the constitution, it was in the power of congress to bestow."

What is meant by a case arising under the laws of the United States, as expressed in the constitution, has not been doubtful since the case of *Osborn* v. *Bank of U. S.* 9 Wheat. 738. It was there decided that any suit in which a law of congress was of necessity an ingredient in the case, was a case arising under a law of the United States, notwithstanding the main controversy might depend altogether on questions unconnected with any such law. Accordingly, it was determined that any suit brought by a corporation created by congress was one arising under the laws of the United States, although the questions upon which its decision might depend were to be solved by the general principles of common law or equity, because the law of congress which created the corporation, and bestowed upon it all the faculties and capacities which it possessed, was of necessity an ingredient in the case. In the language of Chief Justice MARSHALL, "every act of the bank arises out of this law."

It was decided by this court in *Union Pac. R. Co.* v. *McComb*, 1 Fed. Rep. 799, that a suit by a corporation created by act of congress is a suit arising under the laws of the United States, within the meaning of section 2 of the removal act of 1875. A suit brought against such a corporation must fall within the same category. Every act of such a corporation derives its legal complexion and attributes from the law which creates it, and endows it with the faculty of acquiring rights and committing wrongs. A suit cannot be maintained against it without invoking the law of congress.

The cases of *Pettilon* v. *Noble*, 7 Biss. 449, and *Wilder* v. *Union Nat. Bank*, 12 Chi. Leg. News, 84, holding that a national banking association cannot remove a suit brought against it in a state court, notwithstanding the section in question, have not been overlooked. Great respect is due to these judgments, but it is believed they are not a correct exposition of the section.

The motion to remand is denied.

See *Myers* v. *Union Pac. Ry. Co.*, ante, 297, and *State* v. *Illinois Cent. R. Co.*, ante, 881, and note.