# HOLLAND *v.* CHAMBERS.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Submitted December 17th, 1883.—Decided January 7th, 1884.

*Removal of Causes.*

Under the act of March 3d, 1875, c. 137, 18 Stat. 470, a cause cannot be removed from a State court to a Circuit Court of the United States after a trial has been had in a State court, and judgment rendered and set aside, and new trial ordered, and the term passed at which this was done.

Motion to dismiss an appeal from the decision of a Circuit Court remanding a cause to a State court.

*Mr. James O. Broadhead* for defendant in error and mover.

*Mr. S. M. Smith* and *Mr. J. R. Sypher* attorneys of record for plaintiff in error. No brief filed.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error brought under sec. 5 of the act of March 3d, 1875, ch. 137, 18 Stat. 470, to review an order of the Circuit Court remanding a cause which had been removed from a State court. The facts are as follows:

The suit was begun in the State court on the 19th of July, 1879, by Chambers, as plaintiff, against C. M. Swope and Joseph B. Holland, defendants, to recover damages for writing and publishing an alleged libel. An answer was filed by Holland on the 6th of October, 1879, and an amended answer on January 24th, 1880. A reply was filed February 5th. At the April term, 1880, a trial was had, which resulted in a verdict and judgment for $20,000 in favor of Chambers. This judgment was afterwards set aside by the court and a new trial granted. On the 20th of January, 1882, Holland petitioned for the removal of the suit as against him to the Circuit Court of the United States for the Eastern District of Missouri. The petition set forth that Holland was a citizen of Illinois, and both Swope and Chambers citizens of Missouri:

"That said suit is one in which there can be a final determination of the controversy, so far as it concerns your petitioner, without the presence of the said defendant Swope as a party in said cause, and that your petitioner desires to remove said suit as against your petitioner, and so far as concerns him, into the Circuit Court, . . . . in pursuance of the act of Congress in that behalf provided, to wit, the Revised Statutes of the United States, section 639, subdivision second."

Upon these facts the order of the Circuit Court remanding the cause was clearly right. The second subdivision of sec. 639 was repealed by the act of March 3d, 1875, ch. 137. That was settled in *Hyde* v. *Ruble*, 104 U. S. 407, and *King* v. *Cornell*, 106 U. S. 395.

Under the act of 1875 the petition for removal must be filed in the State court before or at the term at which the cause could be first tried. This suit could not only have been tried, but it actually was tried once, nearly two years before the petition to remove. Such being the case, it is needless to in-

quire whether there might have been a removal under that act if an application had been made in time and in proper form.

*The order remanding the cause is affirmed.*