ELDRED and another vs. BECKER, imp.

*February 19 — March 18, 1884.*

*Removal of causes to federal courts: When application to be made.*

1. The first term at which either party could notice the cause for trial on the merits is "the term at which said cause could first be tried," within the meaning of the act of Congress of March 3, 1875 (ch. 137, sec. 3), relating to the removal of suits from state to federal courts; and an application for such removal made after that term, is too late.

2. The act of 1875 repealed the whole of subd. 2, sec. 639, R. S. of U. S.

APPEAL from the Circuit Court for *Marathon* County. The case is stated in the opinion.

*John J. Cole,* for the appellant, to the point that subd. 2, sec. 639, R. S. of U. S., was not repealed by the act of 1875, cited:   *Wormser v. Dahlman,* 16 Blatchf., 319; *S. C.,* 57 How. Pr., 286; *Girardey v. Moore,* 3 Woods C. C., 397;

*Butterfield v. Home Ins. Co.*, 14 Minn., 419; Bump's Fed. Proc., 188.

For the respondents the cause was submitted on the brief of *Eldred & Bump.*

COLE, C. J.   This is an appeal from an order of the circuit court of Marathon county denying an application of the defendant *Becker*, for a removal of the cause to the United States circuit court. The plaintiffs and the defendant Young are citizens of Wisconsin, and *Becker* is a citizen of the state of Minnesota.   Young was not served with process and has made no appearance in the action.   *Becker* states in his petition for a removal that the controversy is wholly between him and the plaintiffs, and can fully be determined as between them alone. The cause was noticed for trial at the October term of the circuit court, 1882, when, by consent of parties, an order was made removing the same to La Crosse county for trial. On account of the papers not being transmitted within twenty days, this order of removal became vacated by force of the statute.   Sec. 2627, R. S.   The case was again noticed for trial at the October term of the Marathon circuit court, 1883, when the application to remove the suit to the United States court was made.   The sole question for decision is, Was the defendant *Becker* entitled to have the cause removed at that time?   The answer to that question depends, of course, upon the laws of Congress on this subject.   By the act of March 3, 1875, ch. 137, it is enacted that any suit of a civil nature at law or in equity, which may be brought in a state court, where the matter in dispute exceeds, exclusive of costs, $500, in which there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in the controversy may remove said suit into the circuit court of the United States for the proper district.   Sec. 2.

It is further provided that whenever either party, or any one or more of the plaintiffs or defendants entitled to remove, etc., shall desire to remove such suit from the state court to the circuit court of the United States, he or they may make and file a petition in such suit in the state court, " *before or at the term at which said cause could be first tried, and before the trial thereof, for the removal,*" etc., and shall execute and file the requisite bond. Sec. 3.

Now, the question is, Was the application for a removal made within the time prescribed by this act? The right to remove the cause from the state court is given by statute, and a party must bring himself strictly within its provisions. It is apparent the application in this case was not made at the term at which the cause could have been first tried, but a year later. The cause was at issue, ready, and actually noticed for trial at the October term, 1882. There was certainly no legal obstacle in the way of trying the cause at that term. "As soon as the issue is made up the cause is ready for trial. The parties and the court may not be ready, but the cause is. The first term, therefore, at which a case can be tried is the first term at which there is an issue for trial. An application for removal, to be in time, must be made before or at this term." WAITE, C. J., in *Gurnee v. County of Brunswick,* 1 Hughes, 270. Where either party, according to the practice of the court, could notice the cause for trial on the merits, that is considered the term at which the cause could be first tried, within the meaning of the act. *Babbitt v. Clark,* 103 U. S., 606; *Knowlton v. The Congress & Empire Co.,* 13 Blatchf., 170; *Stough v. Hatch,* 16 Blatchf., 233; *Forrest v. Keeler,* 17 Blatchf., 522; *Ames v. C. C. R. R. Co.,* 4 Dill., 260; *Scott v. C. & S. R. R. Co.,* 6 Biss., 529; *Cramer v. Mack,* 12 Fed. Rep., 803; *Johnson v. Johnson,* 13 Fed Rep., 193; *Fulton v. Golden,* 9 Cent. L. J., 286. According to the construction placed upon the act of 1875 in the above decisions—

and our judgment fully accords with that interpretation — the application for removal in this case was too late.    We place no stress upon the proceedings which were taken in the cause at the October term, 1882, which would surely justify the belief on the part of the plaintiffs that the defendant had waived his right to a removal, even if secured to him by the act.    It is sufficient to say that the defendant lost the right because he did not remove the cause before or at the first term — it being at issue ready for trial on the merits — it might have been tried.    The language of the act of 1875 "shows clearly a determination on the part of Congress to change materially the time within which applications for removal were to be made.    It was more liberal than under the act of 1789, but not so much so as in the later statutes.    Under the acts of 1866 and 1867 it was sufficient to move at any time before actual trial, while under that of 1875 the election must be made at the first term in which the cause is in law triable."    WAITE, C. J., in *Babbitt v. Clark, supra.*

But the learned counsel for the defendant contends that the defendant might remove the cause under the second subdivision of sec. 639, R. S. of U. S.    By that clause the party entitled to a removal might file his petition "at any time before the trial or final hearing of the cause."    But as we understand the decisions of the supreme court, this subdivision is superseded and repealed by the act of 1875.    *Hyde v. Ruble,* 104 U. S., 407; *King v. Cornell,* 106 U. S., 395.    In *King v. Cornell* a citizen of New York brought a suit in the state court against citizens of the same state and an alien. The latter claimed that there could be a final determination of the controversy, so far as concerned him, without the presence of the other defendants as parties in the cause, and filed his petition for a removal to the circuit court of the United States.    The application was granted.    In the circuit court a motion was made to remand the cause to the state

court. An order to that effect having been granted, the cause was taken by appeal to the supreme court. Chief Justice WAITE, in a very learned opinion, reviews the legislation of Congress on the subject and reaches the conclusion that the whole of the first and second subdivisions of sec. 639 were thoroughly revised and radically modified by the act of 1875. He says: "There cannot be a shadow of doubt that, except as to aliens in the second subdivision, both these subdivisions were repealed; and we cannot believe, if Congress had intended to continue in force that part of the second subdivision which allowed an alien defendant to remove a cause, so far as it related to him, and gave his adversary no corresponding right, it would have been left to inference alone. So thorough a revision implies, as we think, an intention to make the new law a substitute for all that those subdivisions contained. . . . It follows that the whole of the second subdivision of sec. 639 was repealed by the act of 1875." There may be decisions in the circuit courts of the United States in conflict with this view, (see *Wormser v. Dahlman*, 57 How. Pr., 286), but, as a matter of course, this adjudication of the supreme court is decisive upon the question.

It follows from these views that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.