Jones and another vs. Foster, imp.

*September 3 — September 23, 1884.*

*Removal of cause to federal court: Time of appplication.*

The words "at any time *before the trial,*" in subd. 3, sec. 639, R. S. of U. S., mean before *any* trial; and an application for the removal of a cause to a federal court, made after there has been one or more trials thereof in the state court, is too late.

APPEAL from the Circuit Court for *Jackson* County.

The case is thus stated by Mr. Justice CASSODAY:

" This action was commenced in the circuit court for Jackson county in July, 1881, against the defendants jointly, upon a contract made by the defendant *Foster* alone, and

which the defendant Richardson assumed and agreed to perform. The defendants answered jointly, and the cause was tried, and a verdict and judgment rendered in favor of the plaintiffs at the September term, 1881. At the same term of the court the verdict and judgment were set aside, and a new trial ordered. In January, 1882, the defendants jointly put in a new answer, which was replied to in February, 1882. Thereupon a new trial was had, and a verdict rendered in favor of the plaintiffs. Thereupon, and in November, 1882, the court again set aside the verdict, and granted a new trial upon condition that the defendants pay the plaintiffs certain costs within a specified time, which costs were paid and accepted.

"March 21, 1883, the defendant *Foster* filed his petition in the cause, stating in effect that the matter in dispute exceeded $500, exclusive of costs, and was wholly between citizens of different states, and that Richardson was not a proper party, and that the suit could be wholly determined, so far as the petitioner was concerned, without his being a party, and prayed a removal of the cause, under subd. 2, 3, sec. 639, R. S. of U. S., to the circuit court of the United States for the western district of Wisconsin. The petition was accompanied by the requisite bond, and also an affidavit of the petitioner, to the effect that he had reason to believe and did believe that, from prejudice and local influence, he would not be able to obtain justice in the state court. The application for removal was denied March 21, 1883.

"Thereafter, the cause being on the calendar of causes for trial at the September term of said circuit court for Jackson county for 1883, the said *Foster* moved to strike said cause from said calendar, on the ground that it had been removed to said United States court, and hence was no longer pending therein."

From an order denying that motion the defendant *Foster* appealed.

For the appellant the cause was submitted on the brief of *Lloyd Barber.*

For the respondents there was a brief by *C. F. Ainsworth* and *J. M. Morrow*, and oral argument by *Mr. Ainsworth.*

CASSODAY, J. Two trials of the cause having been had prior to the application for removal, it was manifestly not made "before or at the term at which said cause could" have been "first tried," within the meaning of the third section of ch. 137, March 3, 1875 (1 Supp. R. S. of U. S. 174). This is conceded by counsel for the appellant. It is claimed, however, that the application was not too late to remove the cause under the second and third subdivisions of sec. 639, R. S. of U. S. This court has recently held that the second subdivision of that section, which authorized a removal merely on the ground of citizenship, was, in effect, superseded and repealed by the act of March 3, 1875. *Eldred v. Becker*, 60 Wis. 43. See, also, *Hyde v. Ruble*, 104 U. S. 410; *King v. Cornell*, 106 U. S. 395; *Holland v. Chambers*, 110 U. S. 59.

The question to be determined is, therefore, whether the cause was removable under the third subdivision of that section. That subdivision provides that "when a suit is between a citizen of the state in which it is brought and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if, before or at the time of filing said petition, he makes and files in said state court an affidavit stating that he has reason to believe and does believe that, from prejudice or local influence, he will not be able to obtain justice in such state court." Such affidavit was filed in the case before us. The portion of this subdivision relating to the *time* within which the application must be made is substantially the same as in the act of July 27, 1866 (14 U. S. Stats. at Large, 307); while

that portion relating to the affidavit of prejudice or local influence is substantially the same as in the act of March 2, 1867 (14 U. S. Stats. at Large, 559). *King v. Cornell*, 106 U. S. 397.

Was the petition here "filed at any time before the trial or final hearing of the suit," within the meaning of subd. 3, sec. 639, R. S. of U. S.? Counsel for the appellant claims that it was, and, in support of his contention, cites *Ins. Co. v. Dunn*, 19 Wall. 214; *Whitehouse v. Continental F. Ins. Co.* 2 Fed. Rep. 498; *Bible Society v. Grove*, 101 U. S. 610; *Stone v. Sargent*, 129 Mass. 511.

*Ins. Co. v. Dunn, supra,* was not under that subdivision, nor under the act of 1866, where the language was, "at any time before the trial or final hearing of the cause," but was under the act of 1867, where the language was, "at any time before the *final* hearing or trial of the suit." It was there held that the word "final" not only qualified the word "hearing," immediately following it, but also the word "trial" conneqted with it by the disjunctive "or." It is there said that "if the difference in the act of 1867 be material, it is fair to presume that the change was deliberately made to obviate doubts that might possibly have arisen under the former act, and to make the latter more comprehensive." When the language of the act of 1867 was, by the revision of 1873–4, changed back to substantially what it was in the act of 1866, the difference was equally material, and the change equally deliberate.

*Bible Society v. Grove, supra,* had been tried three times before the act of March 3, 1875, was passed, and once afterwards. The real questions determined were that no removal could be made except upon the petition of a citizen of some other state than the one in which the suit was brought, and that a trial and disagreement of the jury after the passage of the act precluded any removal thereafter. The question here presented was not involved. True, the opinion states

that "the act of March 3, 1875, has not changed this provision [subd. 3, sec. 639, R. S. of U. S.] of the Revised Statutes. Removals for this cause (prejudice or local influence) still depend on that section [subdivision], which is a reproduction of the act of 1867,"— meaning, as we apprehend, a reproduction of the part relating to prejudice or local influence, and not the part relating to the time of making the application, which is, in substance, a reproduction of the act of July 27, 1866.

In *Stone v. Sargent, supra*, the case had by agreement been referred to an auditor, who had made and returned his report, and the same was upon the trial list, but had not been tried when the application was made; and it was simply held that the hearing before the auditor was "not a trial" within the meaning of subd. 3, sec. 639, R. S. of U. S., and hence that the application was in time. The same case held that the right given by that subdivision to remove the cause on the ground of prejudice or local influence, had not been taken away by the act of March 3, 1875. To the same effect, *Whitehouse v. Continental F. Ins. Co., supra.*

These cases in which the petition was filed before any trial had been had, have no application to this case where two trials had already been had before the petition was filed. "Hearing applies to suits in chancery, and trials to actions at law." *Vannevar v. Bryant*, 21 Wall. 43. The words, "at any time before the trial or final hearing of the suit," simply mean, "before the trial" in an action at law, and before the "final hearing" in a suit in equity. The words "final hearing" refer to the hearing in equity upon the merits of the cause, in contradistinction to a hearing upon a matter merely preliminary or interlocutory. Had it been the intention of Congress to qualify the word "trial" by the word "final," as in the act of 1867, they would have used the language of that act in the Revision, instead of the language employed in the act of 1866, or else they would have

preceded the word "trial" by the word "final." Having, to use a word employed by Mr. Justice SWAYNE in *Ins. Co. v. Dunn, supra,* "deliberately" taken the word "final" from its place before the disjunctive, and placed it after the disjunctive, we must agree with him that it was just as "material" as the former change the other way.

We are not cited to any case where the precise point has been decided by the supreme court of the United States, and we find none. We fully agree with Judge DYER, that the change in the sections referred to was clearly intended to abridge the time within which suits could be removed from the state to the federal court. *Phœnix Mut. L. Ins. Co. v. Walrath,* 16 Fed. Rep. 163. That case was commenced after the act of 1875, and hence the learned judge said: "The statutory requirement is imperative that the removal must be made before there is any trial of the suit in the state court." To the same effect is the opinion of Judge BLATCHFORD in *Hendecker v. Rosenbaum,* 6 Fed. Rep. 97. See *King v. Cornell, supra.* There are doubtless cases where removals have been made after one or more trials, but we think it will be found on examination that they were cases in which such trials were had prior to the passage of the act of 1875, and hence were specially provided for therein. In the absence of any adjudication upon the precise question by the supreme court of the United States, we must hold upon reason, as well as the authorities cited, that the words "at any time before the trial," found in subd. 3, sec. 639, R. S. of U. S., mean before any trial of the cause in the state court. It is on this ground, as we understand, that the learned judge of the western district of Wisconsin remanded this cause to the state court.

*By the Court.*— The order of the circuit court is affirmed.