SUTHERLAND *v.* JERSEY CITY & B. R. Co.

(*Circuit Court, D. New Jersey.*   November 4, 1884.)

1. REMOVAL OF CAUSE — TIME OF APPLICATION — VERDICT SET ASIDE, AND VE-
NIRE DE NOVO AWARDED.
    Where a verdict rendered in a state court has been set aside by an appellate
court, and a *venire de novo* awarded, the case may be removed to the circuit
court.

2. SAME—REV. ST. § 639, CL. 3—AFFIDAVIT OF LOCAL PREJUDICE.
    Where a case is removed under the provisions of the third clause of section
639 of the Revised Statutes, and no affidavit of prejudice or local influence is
filed, although the petition contains the allegation that the petitioner "has
reason to believe and does believe that, from local prejudice or local influence,
he will not be able to secure justice," and to such petition is appended the
affidavit of the petitioner that "he has read the petition and knows its con-
tents, and that the facts therein stated are true," the circuit court acquires no
jurisdiction of the case, and it will be remanded to the state court.

3. SAME—FORM OF AFFIDAVIT.
    Where the affidavit omits a recital as to the official character of the officer
before whom it is made, and the state law requires such recital to render it
valid, the omission is fatal.

4. SAME—GROUNDS OF AFFIANT'S BELIEF.
    The affidavit required by the Revised Statutes, § 639, cl. 3, need not state the
grounds of affiant's belief, nor in what the prejudice or local influence con-
sists, but must state that he fears the court will not give him justice.

5. SAME—SUFFICIENCY OF BOND.
    Where the condition of the bond is what is required by the act of 1875, and
not what is required under the act of 1867, it is not sufficient to entitle peti-
tioner to a removal under the third clause of section 639 of the Revised Stat-
utes.

Motion to Remand.

*James B. Vrendenburgh,* for defendant.

*E. A. Savage,* for plaintiff.

NIXON, J.   On the fifth of October, 1882, William S. Sutherland,
a citizen of the state of New York, brought suit in the supreme court
of the state of New Jersey against the Jersey City & Bergen Railroad
Company, a corporation created by the last-named state, to recover
damages for alleged injuries sustained by him while a passenger on
one of the cars of the company.   The case was tried on the twenty-
second of December, 1882, in the circuit court of the county of Hud-
son, and a verdict rendered in favor of the plaintiff for the sum of
$15,000.   On proper proceedings had for the purpose, the supreme
court of the state, at the last June term, set aside the verdict, and
directed a *venire de novo* to issue for a new trial.   On the ninth of
September following, the plaintiff filed a petition in the state court
and tendered a bond with security for the removal of the case to this
court.   At the opening of the September term the record was duly
filed here, and a motion to remand was made, by the counsel for the
defendant corporation, on the ground that the steps required by the
laws of the United States, in order to a removal, had not been taken.
The removal is claimed under the provisions of the third clause of

section 639 of the Revised Statutes, (act of March 2, 1867,) which authorizes the removal of a suit between a citizen of the state in which it is brought and the citizen of another state, on a petition of the latter, whether plaintiff or defendant, filed at any time before the trial or final hearing, provided he makes and files in the state court an affidavit stating that he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in such state court.

The motion to remand, in this case, is based upon the petition and the record sent up from the state court. It stands upon the papers filed, as no evidence *aliunde* has been proposed or introduced. If these show, upon their face, that this court has jurisdiction, the suit must remain here for final determination, if the requisite preliminary steps have been taken to remove the same. Under all the legislation of congress, until the act of March 3, 1875, it was the uniform practice of the federal courts to remand a cause when it appeared that there had not been a substantial compliance with the provisions of the law in framing the petition, affidavit, or bond required to effectuate the removal. But greater indulgence has been granted to parties under the act of 1875. It has been frequently held that under the fifth section thereof the federal court may retain the cause and allow defects and irregularities existing in the petition, bond, or other paper to be corrected where the record shows that the case is one of federal jurisdiction and cognizance.

In regard to the third clause of section 639 of the Revised Statutes, under which these proceedings are taken, the supreme court has held (1) that the act is constitutional, (*Railway Co.* v. *Whitton*, 13 Wall. 270;) and (2) that it is not repealed by the subsequent legislation of March 3, 1875. *Amer. Bible Society* v. *Grove*, 101 U. S. 610. The orderly steps are for the applicant to file his petition, stating the grounds for removal, and offering therewith a bond, with sufficient security, conditioned on his entering in the United States circuit court, on the first day of its session, copies of the process against him, and of all pleadings, depositions, testimony, and other proceedings in the cause. In addition to the foregoing he must make and file in the state court an affidavit of prejudice or local influence. As it is this affidavit which imparts vitality to the whole proceeding, it is important that it should contain everything that is required by the statute.

In the argument, on the motion to remand, the counsel for the defendant corporation insisted that the affidavit filed in the state court was defective (1) because it contained no recital in the jurat that he was a notary public, and (2) because the body of the affidavit did not include the facts required by the statute to be sworn to. It was further claimed that the bond was defective. The petition set forth the proper averments to give jurisdiction to the federal court, to-wit, that the petitioner had commenced a suit in the supreme court of the state

of New Jersey; that said action was then pending and had not been finally heard or tried; that it involved a sum in dispute more than $5,000, exclusive of costs; that the plaintiff and the defendant corporation were at the commencement of the suit, and still were, citizens of different states—the plaintiff being and having been a citizen of New York, and the defendant a citizen of New Jersey; and that the petitioner had made and filed with the petition a bond with good and sufficient security, as provided by law, for his entering in the circuit court, on the first day of its next session, *a copy of the record* in said suit, and for paying all costs that might be awarded if said court should hold that the suit was wrongfully transferred thereto. No affidavit of prejudice or local influence was filed, but the petition contained the allegation that the petitioner "has reason to believe, and does believe, that from prejudice or local influence he will not be able to secure justice by reason of such prejudice or local influence." To this is appended the affidavit of the petitioner, which, for reasons that will hereafter appear, we quote *verbatim.*

"*State of New York, Rensselaer County—ss.:* William S. Sutherland, being duly sworn, says he is the petitioner named in the above petition, and who signed the same; that he has read the same and knows its contents, and that the facts therein stated are true.          WILLIAM S. SUTHERLAND.

"Sworn and subscribed to before me this twenty-second day of July, 1884. [L. s.]     "WM. SHAW, Notary Public, Renss. Co., N. Y."

The law does not require that the petition, or any of the facts therein stated, should be verified by oath; but it does require that before any case can be removed on the ground of prejudice or local influence in the state court an affidavit shall be made in said court, affirming the belief of the affiant that it exists. Is such an affidavit, thus taken, and simply swearing that the fats stated in the petition are true, a sufficient compliance with the requirements of the law? We think not.

1. It is taken in a foreign jurisdiction, to be used in a state court of New Jersey, and yet it does not observe the express provisions of the law of New Jersey in such cases. The fifth section of the "Act relative to oaths and affidavits" (Rev. St. N. J. 740) provides, "that any oath, affirmation, or affidavit, required or authorized to be taken in any suit or legal proceeding in this state, when taken out of the state, may be taken before any notary public,  *  *  *  and a recital that *he is such notary public in the jurat or certificate* of such oath or affidavit, and his official designation affixed to his signature, and attested under his official seal, shall be sufficient proof that the person before whom the same is taken is such notary." No such recital in the jurat is found here, and the omission has been held to be fatal.  See *Bowen* v. *Chase,* 7 Blatchf. 255.

2. But if the affidavit had been so verified that it could be used in the state court, it does not contain what the removal act requires.  It merely states that the affiant knows the contents of his petition, and

that the facts therein stated are true. The principal fact upon which the validity of the proceeding depends, to-wit, his belief that prejudice and local influence will hinder his obtaining justice *in the state court,* he does not state in his petition, and hence does not even by implication swear to in his affidavit. He need not state the grounds of his belief, nor in what the prejudice or local influence consists; but the law requires him to swear, and he ought to swear, that he fears the court will not give him justice.

3. The bond, also, is defective—not for the reason assigned in the argument, that it contained no witnesses to the signatures. These are required, not to give the bond validity, but to facilitate the proof of its proper execution. But the condition of the bond is what is required by the act of 1875, and not what is required by the act of 1867. A cursory examination 'of the two statutes will show that they are quite different, and that the one cannot be substituted for the other. We think that the motion to remand must prevail. But for these defects, the case of *Insurance Co.* v. *Dunn,* 19 Wall. 214, would be sufficient authority for the petitioner to remove the suit after a trial and verdict, which has been set aside by an appellate court, and a, *venire de novo* awarded.